**Michael Eugene BOONE, Appellant**

v.

**Warden Ronnie HOLT, U.S.P. Canaan.**

No. 12–3658.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Due to a Jurisdictional Defect and for
Possible Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 April 12, 2013.

Opinion filed: June 24, 2013.

Michael Eugene Boone, Waymart, PA, pro se.

---

Mark E. Morrison, Esq., Office of United States Attorney, Harrisburg, PA, G. Michael Thiel, Esq., Office of United States Attorney, Scranton, PA, for Appellee.

Before: RENDELL, JORDAN and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Michael Eugene Boone is an inmate confined at the United States Penitentiary at Canaan ("USP–Canaan") in Waymart, Pennsylvania. After a hearing before the Disciplinary Hearing Officer ("DHO"), Boone was found guilty of a Code 113 violation, Possession of Any Narcotics Not Prescribed for the Individual by Medical Staff. The DHO sanctioned Boone with forfeiture of 1,000 days of good conduct time, sixty days of disciplinary segregation, three years loss of visiting privileges followed by three years of restricted visiting, one year loss of commissary privileges, thirty days impounding of personal property (excluding religious and legal materials), and two years loss of telephone and email privileges. Boone's administrative appeals were unsuccessful.

In 2011, Boone filed a habeas petition pursuant to 28 U.S.C. § 2241. He claimed that the evidence used to determine his guilt was insufficient, and that he was denied due process at the disciplinary hearing because the confidential informants relied upon by the DHO did not have an established history of reliability. He sought assorted relief, including restoration of his good conduct time and prison job, removal of sanctions, and removal of the incident report from his record. The Respondent responded to the petition, to which Boone filed a reply. After reviewing the parties' submissions, including *in camera* review of documents submitted by the Respondent under seal, the District Court denied the habeas petition.

This appeal followed.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We review the District Court's denial of habeas corpus relief *de novo*, but we review factual findings for clear error. *See Vega v. United States*, 493 F.3d 310, 314 (3d Cir.2007).

Federal prisoners have a liberty interest in statutory good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *See also* 18 U.S.C. § 3624(b)(1); *Vega*, 493 F.3d at 317 n. 4. Thus, when an inmate's disciplinary hearing may result in the loss of good time credits, the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity to summon witnesses and present documentary evidence; and (3) the factfinder's written statement of the evidence relied on and the reasons for the disciplinary action. *See Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (citing *Wolff*, 418 U.S. at 563–67, 94 S.Ct. 2963). The disciplinary decision must be supported by "some evidence" in the record. *See id.* at 455, 105 S.Ct. 2768.

There appears to be no dispute that Boone received the required notice of charges, the opportunity to present witnesses and evidence, and the factfinder's statement, as described above. Boone's arguments focused instead on the sufficiency of evidence, and on the DHO's reliance on a confidential informant whose

---

1. The appeal initially appeared to be untimely. On our remand, the District Court granted relief on Boone's motion to reopen the time for appeal. *See* Federal Rule of Appellate Procedure 4(a)(6); *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 223–24 (3d Cir.2007) (discussing "separate document" requirement and entry of judgment).

reliability had not been established. When a disciplinary decision relies upon statements from confidential informants, minimum due process requires that the record contain (1) some underlying factual information from which the tribunal can reasonably conclude that the informant was credible or his information reliable; and (2) the informant's statement in factual language, establishing by its specificity that the informant spoke with personal knowledge of the matters. *See Helms v. Hewitt,* 655 F.2d 487, 502 (3d Cir.1981), *rev'd on other grounds, Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Under *Helms,* "the record" includes both the evidence presented during the disciplinary hearing and the investigative report. *See Henderson v. Carlson,* 812 F.2d 874, 879–80 (3d Cir.1987).

Upon our *in camera* review of the record, we concur with the District Court's denial of Boone's habeas petition. At the outset, we note that the DHO's findings did not rest solely upon a confidential informant statement Rather, the DHO's decision relied upon corroborating statements of other inmates in a Special Investigative Services ("SIS") investigation report, specifically naming Boone's involvement in distributing heroin at USP–Canaan. *See Mendoza v. Miller,* 779 F.2d 1287, 1293 (7th Cir.1985) (noting that corroborating testimony can establish the reliability of confidential informant testimony). Each inmate's statement provided factual specifics conveying personal knowledge of Boone's heroin distribution activity at USP–Canaan. Thus, we conclude that Boone received the minimum due process required under *Helms,* and that the DHO's decision meets the "some evidence" standard of support. *See Hill,* 472 U.S. at 455–56, 105 S.Ct. 2768 (we review whether there is "any evidence in the record that could

support the conclusion reached by the disciplinary board").

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. *See* Third Circuit LAR 27.4; I.O.P. 10.6.